United States District Court for the
District of Massachusetts

ALEXANDER CORTEZ and
WENDY CORTEZ,
          Plaintiffs,

v.

CASA HERRERA, INC.,

          Defendant.

Civil Action No.

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Casa Herrera, Inc. ("Herrera") by its attorneys, files this Notice of Removal in accordance with 28 U.S.C. § 1441. Herrera requests that this action be removed from the Massachusetts Superior Court Department of the Trial Court, Suffolk County, to this Court. As reasons for removal, Herrera states:

1.    Herrera is the defendant named in a tort action styled *Alexander Cortez and Wendy Cortez v. Casa Herrera, Inc.*, Civil Action No. 1984-CV-02370, brought by Alexander Cortez and Wendy Cortez ("plaintiffs"), in the Massachusetts Superior Court Department of the Trial Court, which arises out of an industrial accident that allegedly occurred on or about January 20, 2017. Herrera was served with the plaintiffs' Summons and Complaint on August 6, 2019. Copies of all process and pleadings received by Herrera are attached hereto as **Exhibit A** as follows: Certified letter, Summons, Complaint, and Civil Action Cover Sheet with Statement of Damages.

2.    In the plaintiffs' statement of damages filed with the Superior Court, attached as Exhibit "A," Plaintiffs state that plaintiff Alexander Cortez has incurred $66,728.95

1

in documented medical expenses resulting from "severe and permanent hand injury due to hand being pulled into rolling machine." In the Statement of Damages, plaintiff Alexander Cortez alleges lost wages to date in the amount of $87,100 and future expected lost earnings of $336,700 for total lost earning capacity in the amount of $423,800. In the plaintiffs' complaint, the Plaintiffs allege that Alexander Cortez "sustained serious, permanent and disabling personal injuries," "has had extensive medical care and treatment including surgery'" and " his quality of life has been adversely affected." Exhibit "A" (Complaint, ¶¶ 11,14 &17). The plaintiff Wendy Cortez alleges damages for loss of consortium as a result of the injuries sustained by plaintiff Alexander Cortez. Exhibit "A" (Complaint, ¶ 24). The plaintiffs also seek multiple damages for the alleged violation of M.G.L. c. 93A. Exhibit "A" (Complaint, ¶ 22).

3. The Plaintiffs reside at 278 Princeton Street, East Boston, Suffolk County, Massachusetts. Exhibit "A" ( Complaint, ¶ 1).

4. Removal to the United States District Court for the District of Massachusetts in Boston is appropriate as (1) the United States District Court has original jurisdiction over the action, and (2) the United States District Court for the District of Massachusetts, Eastern Section embraces the place, *i.e.*, Suffolk County, where the action is pending. 28 U.S.C. §1441(a).

5. This Court has original jurisdiction based upon the diversity of the parties pursuant to 28 U.S.C. § 1332. Herrera is a California corporation with its usual place of business at 2655 N. Pine Street, Pomona California. The plaintiffs are residents of Boston, Suffolk County, Commonwealth of Massachusetts. Furthermore, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. The plaintiffs' Statement of Damages, pursuant to G. L. c. 212, §3A, filed by the plaintiffs with the complaint in Suffolk County Superior

Court, states that the plaintiff Alexander Cortez has incurred medical expenses and lost wages/earning capacity totalling $490,528.95 as a result of a severe and permanent hand injury. Based upon the nature of plaintiff Alexander Cortez's injuries, medical expenses, and claimed lost earning capacity, the $75,000 amount in controversy requirement of 28 U.S.C. §1332 has been satisfied.

6. As of this date, Herrera has not filed a responsive pleading in the State action.

7. This Notice of Removal is being filed within the time period required by law. 28 U.S.C. § 1441(b), which provides that a notice of removal must be filed within thirty days after service. Herrera was served on August 6, 2019.

8. Promptly after the filing of this Notice of Removal, a copy of the Notice will be filed with the Clerk of Courts for the Suffolk County Superior Court, and all adverse parties will receive written notice of the filing of this Notice of Removal.

**WHEREFORE**, Casa Herrera, Inc. respectfully requests that the above action now pending in the Superior Court of the Commonwealth of Massachusetts in and for the County of Suffolk, be removed to this Court.

Defendant,
Casa Herrera, Inc.
By its attorneys,

/s/ Joseph H. Aronson

Joseph H. Aronson  [BBO# 022070]
Bonner Kiernan Trebach & Crociata
40 Court St. 3rd Floor
Boston, MA  02108
Tel: (617) 426-3900
Email: jaronson@bonnerkiernan.com

Date: August 7, 2019

3

# EXHIBIT A



# Swartz & Swartz
*Attorneys at Law*

acantor@swartzlaw.com

July 30, 2019

**VIA CERTIFIED MAIL/RRR**

Office of the Chief Executive Officer
Mark Herrera
Casa Herrera, Inc.
2655 N. Pine Street
Pomona, CA 91767

RE: **Alexander Cortez et al v. Casa Herrera, Inc**
     **Civil Action No.: 1984CV02370**

Dear Sir:

With regard to the above referenced matter, enclosed please find the following documents:

1. Copy of Plaintiff's Complaint;

2. Copy of the Suffolk Superior Court Summons; and

3. Suffolk Superior Court Civil Action Cover Sheet.

Kindly forward the above to your insurance carrier or legal representative at once.

Very truly yours,

*Alan Cantor*

Alan L. Cantor

ALC:ndc
Enclosures

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1984CV02370

Alexander Cortez et al, PLAINTIFF(S),

v.

Casa Herrera, Inc., DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO Casa Herrera, Inc. (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. You must respond to this lawsuit in writing within 20 days. If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. How to Respond. To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a. Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Superior Court, 3 Pemberton Sq Boston, MA 02108 (address), by mail or in person, AND

    b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Swartz & Swartz, P.C., 10 Marshall St., Boston, MA 02108

3. What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO.

ALEXANDER CORTEZ and )
WENDY CORTEZ )
)
        Plaintiffs )    PLAINTIFFS CLAIM
v. )    TRIAL BY JURY
)
CASA HERRERA, INC. )
)
        Defendant. )
)

## COMPLAINT

### PARTIES AND FACTS

1. The Plaintiff, Alexander Cortez, resides at 278 Princeton Street, East Boston, Suffolk County, Massachusetts, 02128.

2. The Plaintiff, Wendy Cortez, resides at 278 Princeton Street, East Boston, Suffolk County, Massachusetts, 02128.

3. The Defendant, Casa Herrera, Inc., is a California privately held company with its principle place of business in 2655 N Pine St, Pomona California, 91767.

4. This action arises out of injuries sustained in Massachusetts sufficient to confer personal jurisdiction over the Defendant pursuant to the Massachusetts long arm statute in that Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in Massachusetts.

1

5. On January 20, 2017, Mr. Cortez was working at Harbar, LLC located at 320 Turnpike St., Canton, Massachusetts 02021. He was working around a Casa Herrera Corn Sheeter head ("subject machine") when it pulled his hand into a roller, severely injuring him.

6. The subject machine was designed, manufactured and sold by the Defendant.

7. At all times pertinent hereto, Defendant was engaged in the design, development, assembly, manufacture, testing, inspection, packaging, promotion, advertising, marketing and sale of corn sheet head machines, including the specific machine which is the subject of this action.

8. There are large open areas on the machine where the rollers are exposed and worker's limbs can easily be pulled into the machine.

9. The machine is designed to have workers insert tools into the rollers, creating the risk that workers' limbs would be pulled inside of the machine.

10. Workers are easily able to reach the nip point on the machine while it is in use.

11. As a result of this incident, Mr. Cortez sustained serious, permanent, and disabling personal injuries.

## CAUSES OF ACTION

### COUNT I – NEGLIGENCE
#### Alexander Cortez

12. Plaintiff repeats the preceding paragraphs as if expressly set forth herein.

13. The injuries sustained by Mr. Cortez were a direct and proximate result of the carelessness and negligence of Casa Herrera as follows:

    a. The Defendant negligently designed, developed, formulated, manufactured, tested, inspected, advertised, promoted, marketed, packaged, distributed and sold the machine;

    b. The Defendant negligently failed to warn or instruct, or adequately warn or adequately instruct, Plaintiff and other users concerning the dangers of the machine and the safe and proper method of operating it;

    c. The Defendant negligently exposed persons to unreasonable hazards due to the dangerously defective machine; and

    d. The Defendant negligently failed to ensure that the machine would be operated with adequate safety devices.

14. As a direct and proximate result of the negligence of the Defendant as set forth herein, Plaintiff was caused to sustain severe and permanent injuries to his hand. He has had extensive medical care and treatment including surgery. His quality of life has been adversely affected. He does not enjoy life as he did prior to the occurrence.

WHEREFORE, Plaintiffs pray judgment against Defendant, together with interest and costs.

## COUNT II – BREACH OF WARRANTY
### Alexander Cortez

15. The Plaintiff repeats the preceding paragraphs as if expressly set forth herein.

16. Defendant's predecessor expressly and impliedly warranted to Plaintiff, and to the general public, that said product was safe, merchantable and fit for its intended purposes and uses. Defendant breached its warrant because said product was unsafe, not of merchantable quality and unfit for its intended uses and purposes. Plaintiff relied on the warranties made by Defendant, and Plaintiff sustained injury as the direct and proximate

3

result of the breaches of warranties by Defendant. Due notice has been given to Defendant of its breaches of warranty.

17. As a direct and proximate result of the breach of warranty of Defendant's predecessor as set forth herein, the Plaintiff was caused to sustain severe and permanent injuries to his hand. He has had extensive medical care and treatment including surgery. His quality of life has been adversely affected. He does not enjoy life as he did prior to this occurrence.

WHEREFORE, Plaintiffs pray judgment against Defendant, together with interest and costs.

### COUNT III – VIOLATION OF M.G.L. CHAPTER 93A
#### Alexander Cortez

18. Plaintiff repeats the preceding paragraphs as if expressly set forth herein.

19. The Defendant's actions and inactions alleged here constitute violations of M.G.L. Ch. 93A.

20. More than thirty days prior to the commencement of this action, Plaintiff made a written demand for relief upon defendant in accordance with M.G.L. c. 93A (Attached hereto as Exhibit A).

21. The Defendant rejected the demand, and made no written tender of settlement.

22. The Defendant's refusal to grant plaintiff relief upon demand was made in bad faith with knowledge or reason to know that the action complained of violated M.G.L. c. 93A.

WHEREFORE, Plaintiffs pray judgment against Defendant, together with multiple damages, interest and costs.

### COUNT IV – LOSS OF CONSORTIUM
#### Wendy Cortez

23. The Plaintiff, Wendy Cortez, repeats the allegations of the preceding paragraphs herein.

24. As a direct and proximate result of Defendant's negligence, Plaintiff, Alexander Cortez, was injured and disabled. As a result thereof, Plaintiff, Wendy Cortez, the wife of Alexander Cortez has lost the love, companionship, support, and consortium of her husband.

WHEREFORE, Plaintiff prays judgment against Defendant together with interest and costs.

PLAINTIFFS CLAIM TRIAL BY JURY.

>The Plaintiffs,
>By Their Attorneys,
>
>Alan L. Cantor, Esq.
>BBO# 072360
>Ross B. Greenstein, Esq.
>BBO# 682222
>Swartz & Swartz, P.C.
>10 Marshall Street
>Boston, MA 02108
>617-742-1900
>rgreenstein@swartzlaw.com

5

# Exhibit A



## Swartz & Swartz
*Attorneys at Law*

May 30, 2019

**VIA FIRST CLASS MAIL**
Casa Herrera, Inc.
Michael Herrera, President
2655 N Pine St
Pomona, CA 91767

Re:  **Our Client:**       Alex Cortez
     **Date of Incident:**  January 20, 2017

### FORMAL DEMAND FOR SETTLEMENT PURSUANT TO M.G.L. CHAPTER 93A - UNFAIR BUSINESS PRACTICES

Dear Mr. Herrera:

Please take note that this office represents Alex Cortez for injuries he suffered in an incident which occurred on January 20, 2017. I am writing to see if your client is interested in settling his case without resort to litigation. Please also consider this correspondence as a formal demand for settlement pursuant to M.G.L.c. 93A. The following is a brief summary of his claim.

The injury occurred when one of your sheeter machines pulled Mr. Cortez's hand into a machine roller resulting in severe injuries. Enclosed, please find various documents pertaining to my client's claim including, but not limited to, medical records and bills incurred due to the incident, photographs, and other related documents. Outlined in these documents are the details surrounding the January 20, 2017 incident and the medical treatment my client underwent due to that incident.

On January 20, 2017, Mr. Cortez was working at Harbar, LLC located at 320 Turnpike Street, Canton, MA. He was working around a Casa Herrera Corn Sheeter head when it pulled his hand into a roller, severely injuring him. Additional information about the machine is as follows:

Casa Herrera Corn Sheeter Head
Model # PS1030
Serial #03091657
Manufactured, purchased, and installed by Harbar, LLC in 2003

As you can see from the enclosed photographs, there are large open areas on the machine where the rollers are exposed and worker's limbs can easily be pulled into the machine. In fact, also as depicted in the photographs, the machine is designed to have workers insert tools into the rollers. On June 29, 2018, an engineering expert inspected the subject machine and concluded that it was unsafe. More specifically, he concluded that no one should ever be able to reach the nip

1



Swartz & Swartz
*Attorneys at Law*

point on the machine while it is in use. Please also find the enclosed incident report describing how the incident occurred.

As a result of this incident, Mr. Cortez sustained serious personal injuries. Please also find the enclosed photos of Mr. Cortez's injuries. The injuries sustained by Mr. Cortez were a direct and proximate result of the carelessness and negligence of Casa Herrera. You negligently designed, developed, formulated, manufactured, tested, inspected, advertised, promoted, marketed, packaged, distributed and sold the machine; negligently failed to warn or instruct concerning the dangers of the machine and the safe and proper method of operating it; negligently exposed persons to unreasonable hazards due to the dangerously defective machine; and negligently failed to ensure that the machine would be operated with adequate safety devices.

Following the incident, Mr. Cortez was taken by ambulance to MGH where he was treated for a crush injury to his dominant right hand as well as lacerations. He was in severe pain and nauseous with vomiting. There were several breaks and nerve injuries in his hand. He underwent immediate surgery for pinning and nerve exploration/repair. He was told to follow up with his surgeon in a few weeks.

In February, 2017, Mr. Cortez began treatment at the MGH Occupational Therapy Hand Clinic. He is in a splint and has pain, limited use of his hand, limited range of motion, grip, and strength. He continued to undergo therapy, have periodic checks and x-rays with his doctors. This continued through July and he remained out of work.

In June, 2017, Mr. Cortez had improved but continued to be limited. He has limited range of motion, strength, and easy fatigue. Further surgery is discussed.

Mr. Cortez has reached a medical end point and is partially disabled (completely disabled in the dominant right hand) and this is considered permanent.

The following is a breakdown of Mr. Cortez's medical bills incurred as a result of this incident:

| | | | |
|---|---|---|---|
| 1. | Canton Ambulance | 01/20/17 | $ 2,046.85 |
| 2. | MGH | 01/20/17 – 07/05/17 | $64,682.10 |
| | | **Total:** | $66,728.95 |

Mr. Cortez was out of work from 1/20/17 – December 2018. At that time he returned work part time at Picante Taqueria as a cashier, where he makes $12.50/hour, 30 hours/week equaling $375/week. He is limited in his ability to complete job tasks and cannot complete a full-time workload. As a result of his injuries he suffered the following lost wages and earning capacity:

$13.75/hour x 40 hours/week = $550/week x 122 weeks
**Total Lost Wages To Date = $67,100.00**

2


## Swartz & Swartz
*Attorneys at Law*

$550/week - $375/week = $175/week = $9,100/year x 37 years
                                          **Lost Earning Capacity =**   **$336,700.00**
          **Total Lost Wages & Earning Capacity =**   **$403,800.00**

                                          **Total Special Damages =**   **$470,528.95**

      When Chapter 93A, the Consumer Protection Statute, was enacted in 1967, among its stated purposes was to provide "a more equitable balance in the relationship of consumers to persons conducting business activities". Commonwealth v. DeCotis, 366 Mass. 234, 238 (1974). The statute abolished the requirement that you, through your agents, servants and employees, actually knowingly deceive, mislead, or behave unfairly in order for liability to attach.

      By enacting the Consumer Protection Statute, the Legislature gave individuals such as our client the right to recover attorney's fees and, in some instances, multiple damages. However, as a balance and in fairness to potential defendants in these cases, the legislature has required that potential plaintiffs give written notice of their claim and an opportunity to respond without incurring liability for attorney's fees and multiple damages in addition to the claimant's actual damages. Your response to this letter is its opportunity to limit its exposure to the actual damages.

      It is my understanding that the provisions of M.G.L.A. Chapter 93A afford a period of thirty (30) days from receipt of this letter to respond with a reasonable offer of settlement. If no reasonable offer of settlement is made, we intend to file suit against you alleging the aforementioned statutory violations. These violations, if found, may lead to double or treble damages assessed against you by the trial judge, as well as attorney's fees and costs.

      We look forward to receiving a written response to this formal demand within the statutory period. We will institute litigation if this matter has not been settled within that period.

      Taking all factors into consideration, our demand for settlement of this claim is propounded fairly in the amount of $750,000.00.

      We look forward to receiving a response to this demand. If you would like to discuss this case, please feel free to contact me at the above telephone number.

      Thank you for your due consideration.

                                                                   Very truly yours,

                                                                   Ross B. Greenstein

10 Marshall Street   Boston, MA 02108   (617) 742-1900 tel   (617) 367-7193 fax   www.swartzlaw.com

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Carlos Alexander Cortez ADDRESS: 276 Princeton Street East Boston, MA 02128 | DEFENDANT(S): Casa Herrera, Inc. | COUNTY Suffolk |
| ATTORNEY: Ross B. Greenstein Swartz & Swartz, P.C. ADDRESS: 10 Marshall Street Boston MA 02108 | ADDRESS: 2655 N Pine Street Pomona CA 91767 | |
| BBO: 652222 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B05 | Product Liability | A | [X] YES [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A? [X] YES [ ] NO

Is this a class action under Mass. R. Civ. P. 23? [ ] YES [X] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ............................................................... $66,728.95
 2. Total doctor expenses .................................................................. $
 3. Total chiropractic expenses .......................................................... $
 4. Total physical therapy expenses .................................................... $
 5. Total other expenses (describe below) ............................................ $
 Subtotal (A): $66,728.95
B. Documented lost wages and compensation to date ............................ $87,100.00
C. Documented property damages to date ........................................... $
D. Reasonably anticipated future medical and hospital expenses .............. $
E. Reasonably anticipated lost wages ................................................. $335,700.00
F. Other documented items of damages (describe below) ...................... $278,471.05
Pain & Suffering

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Severe and permanent hand injury due to hand being pulled into a rolling machine.

TOTAL (A-F): $750,000.00

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: X /s/   Date: Jul 10, 2019

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X /s/   Date: Jul 10, 2019

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality \***

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

**CN Contract/Business Cases**

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - MRCP 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

**PA Civil Actions Involving Incarcerated Party †**

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

**TR Torts**

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

**RP Summary Process (Real Property)**

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

**RP Real Property**

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

**MC Miscellaneous Civil Actions**

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

**AB Abuse/Harassment Prevention**

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

**AA Administrative Civil Actions**

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

**SO Sex Offender Review**

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

**RC Restricted Civil Actions**

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**
**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY**
**MAY RESULT IN DISMISSAL OF THIS ACTION.**